UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LAU,

    Plaintiff,

v.                                                                                            Case No. 1:23-cv-642
                                                                          Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied his application for disability insurance benefits (DIB).

On June 16, 2020, plaintiff filed a application for DIB alleging a disability onset date of January 30, 2013. PageID.47. Plaintiff identified eight disabling conditions, including debilitating neck pain. PageID.187.[1] Prior to applying for benefits, plaintiff completed three years of college and had past relevant work as a receptionist. PageID.55, 188. Plaintiff had past relevant work as a hand packager and as an institutional cleaner. PageID.58. An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on May

---

[1] Plaintiff listed the following conditions: frequent severe pain attacks of the neck and head; debilitating neck pain; muscle mass loss related to staying in bed many hours; weakness and pain of right arm; spinal stenosis, cervical region; inability to setup [sic] without pain for more than one hour; difficulty performing activity daily living r/t pain [sic]; and, multilevel cervical spondylosis. PageID.187.

1

3, 2022. PageID.47-55. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports

the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant

is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ's DECISION

Plaintiff's application for DIB failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful employment since his alleged onset date of January 30, 2013. PageID.49. The relevant time period for this claim is from January 30, 2013 through December 31, 2014, the date that plaintiff last met the insured requirements of the Social Security Act. PageID.49. At the second step, the ALJ found that through the date last insured, plaintiff had severe impairments of degenerative disc disease of the cervical and lumbar spine. *Id*. At the third step, the ALJ found that through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.50.

The ALJ decided at the fourth step that,

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant could never climb ladders, ropes, or scaffolds, but he could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and/or crawl. Prior to the date last insured the claimant was restricted from overhead reaching bilaterally, but he could have frequently reached in all other directions. The claimant was limited from all work tasks that required constant neck movement, such as tracking moving objects on a conveyor belt. The claimant was limited from work tasks requiring long periods of stationary head positioning, such as uninterrupted data entry on a computer. The claimant had to avoid concentrated exposure to hazards such as unprotected heights and/or dangerous moving machinery. The claimant could not have operated a motorized vehicle. Lastly, due to medication side effects and pain-related distraction, the claimant was limited to understanding, remembering, carrying out instructions, and/or exercising judgment to perform detailed, but not complex tasks.

PageID.51 (footnote omitted). The ALJ's footnote addressed sedentary work stating, "The regulations define **sedentary work** as the ability to lift/carry 10 pounds occasionally, stand and/or

walk for up to 2 hours in an 8 hour work period, and sit for up to 6 hours in an 8 hour work period (20 CFR 404.1567, and SSR 83-10)." PageID.51, fn.1.

At this step, the ALJ also found that through the date last insured, "the claimant was capable of performing past relevant work as a receptionist (DOT #237.367-038; SVP 4; sedentary, performed light)." PageID.55. This work did not require the performance of work-related activities precluded by his residual functional capacity (RFC). *Id*. Accordingly, the ALJ found that plaintiff was not under a disability, as defined in the Social Security Act, from January 30, 2013 (the alleged onset date) through December 31, 2014 (the date last insured). PageID.55.

### III. DISCUSSION

Plaintiff raises three errors on appeal.

**A. The Commissioner's RFC assessment is not supported by substantial evidence where the limitations assessed by the ALJ are internally inconsistent, vague, and not reasonably supported, or based upon, the medical evidence of record.**

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. *See* 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). In evaluating an individual's RFC, the ALJ considers impairments that are both "severe" and "not severe", *see* 20 C.F.R. § 404.1545, "based on all the relevant medical and other evidence in [the claimant's] case record," 20 C.F.R. § 404.1520(e).

Plaintiff contends that the ALJ erred because the RFC "is overly vague, internally inconsistent and not supported by medical evidence." Plaintiff's Brief (ECF No. 6, PageID.1568). In this regard, plaintiff contends that the RFC is not supported by substantial evidence because:

5

> It does not define Plaintiff's ability to use his neck and hold up his head. The RFC indicates Plaintiff cannot maintain a stationary position by doing extended computer work. However, the decision also finds that Plaintiff can work as a receptionist, which requires sitting at a computer for the entire day. The RFC conflicts with itself and there is no medical support for the limitations crafted by the ALJ with no opinion support.

*Id*. at PageID.1571.

Contrary to plaintiff's contentions, the neck restrictions are neither vague nor internally inconsistent. The ALJ posed multiple hypothetical questions to the vocational expert (VE), introducing the neck restrictions in Hypothetical 2[2], and the VE addressed those restrictions in determining whether plaintiff could perform his past work:

> Q    Hypothetical 2, assume the same limitations in the first hypothetical but further assume that the individual can never climb ladders, ropes, or scaffolds. Neer crawl and occasional perform other postural maneuvers. There should be no overhead reaching and no more than frequent reaching in other directions. <u>Because of issues with his neck and cervical spine, there should be no work tasks requiring constant neck movement, such as tracking moving objects on a conveyor belt. Conversely, there should also be no work tasks that require long periods of stationary head position such as uninterrupted data entry on a computer.</u> There should be no concentrated exposure to workplace hazards such as dangerous moving machinery or unprotected heights. And finally, there should be no operation of motorized vehicle [sic] as part of work duties. Is that individual still able to do any of the claimant's past work?
>
> A    The financial aid officer per DOT [Dictionary of Occupational Titles] and as performed. The receptionist per the DOT and as performed. However, the security guard position would be eliminated. And it should be noted, Your Honor, that some of the parts of the hypothetical really are not addressed by the DOT or the SCO [Selected Characteristics of Occupations], specifically the overhead reaching, keeping your head in a stationary position, neck movement. Those are

---

[2] Hypothetical 1 (PageID.83-84) provided:

> For purposes of my hypothetical questions, please assume an individual with the same vocational characteristics as the claimant. He was an individual closely approaching advanced age on the alleged onset date, and also at the date last insured [December 31, 2014] but later attained advanced age on January 24th of 2018. He has a better than high school education and the work history as you described it. Hypothetical 1, assume the individual is limited to a range of light work featuring lifting, carrying, pushing and pulling up to 20 pounds occasionally, 10 pounds frequently. Standing and walking six hours in an eight-hour day. Sitting six hours in an eight-hour day. Frequently using ramps and stairs and balancing. Occasionally performing other postural maneuvers. Is that individual able to do any of the claimant's past work?

> furthermore drawn from my 38 years experience in the field and as defined in the DOT or the SCO, I just want to bring that to your attention. No conflicts, Your Honor. It's just not addressed in either one.

PageID.84-85 (emphasis added).

Next, plaintiff contends that "there is no medical support for the limitations invented by the ALJ" and that "[t]he limitations supplied are nothing more than the ALJ's hunch based on his own lay interpretation of the objective medical evidence." Plaintiff's Brief at PageID.1570. Plaintiff does not develop this conclusory argument. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). "It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *Id*. For all of these reasons, this claim of error is denied.

> **B. The subjective symptom evaluation under SSR 16-3p is not supported by substantial evidence where the ALJ failed to consider the non-medical evidence and improperly required plaintiff to supply objective medical evidence to corroborate his subjective pain level.**

Plaintiff claimed that he was unable to perform sustained work activity during the relevant time period (January 30, 2013 through December 31, 2014) primarily because of severe pain. PageID.51. The ALJ stated that "the claimant presented to the hearing via telephone reporting severe ongoing limitations" which "included the claimed need for routine emergency room care due to pain as well as pain so severe that he was regularly essentially bedridden." PageID.53.[3] Plaintiff contends that "[t]he ALJ failed to properly consider the location, duration, frequency, and intensity of the Plaintiff's pain or other symptoms and his medication regimen when he improperly required that Plaintiff 'corroborate' his pain levels with objective evidence, which is impossible."

---

[3] The Court notes that the hearing was held on April 13, 2022, more than seven years after plaintiff's date last insured.

Plaintiff's Brief (ECF No. 6, PageID.1574-1575).  Plaintiff also contends that the ALJ did not discuss his daily activities.  *Id*.

"We recognize that '[a]n individual's statement as to pain or other symptoms shall not *alone* be conclusive evidence of disability.'"  *Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 529 (6th Cir. 1992), quoting 42 U.S.C. § 423(d)(5)(A) (emphasis in original).  Rather, objective medical evidence that confirms the alleged severity of the symptoms is required.  *See Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989).  Thus, a claimant "may rely in part on her own testimony *in combination with* objective medical evidence in order to establish that she is disabled."  *Cohen*, 964 F.2d at 529 (emphasis in original).

SSR 16-3p sets out the two-step process for evaluating an individual's symptoms: (1) "We determine whether the individual has a medically determinable impairment (MDI) that could reasonably be expected to produce the individual's alleged symptoms;" and, (2) "We evaluate the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities." SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017).  *See* 20 C.F.R. § 404.1529(c)(1) and (2).  In making this evaluation, the Commissioner also considers other evidence including:

> (i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

The record reflects that the ALJ properly evaluated plaintiff's symptoms. During the relevant time period, the ALJ found that plaintiff's condition included treatment by a claim management specialist which included manipulation, narcotic treatment, and epidural steroid trigger injections. PageID.52. These were accompanied by unremarkable objective findings through mid-2014, "where it was noted that the claimant's cervical lordosis was normal, and the claimant's pain was not increased with range of movement." PageID.52-53. Plaintiff had one emergency room visit in May 2014 reporting severe pain. However, "the attending clinician(s) found the claimant in no painful distress on exam." PageID.53. The ALJ also noted the absence of objective medical evidence to support plaintiff's claims observing that,

> Due to the claimant's ongoing allegations of pain, renewed imagery of his cervical spine was ordered, but in October 2014 it was noted to be consistent with that obtained 2 years prior to the alleged onset date (i.e. 2011) (Exhibit 4F, 7F, 9F, 13F).

PageID.53.

The ALJ also addressed two opinions which were not within the relevant time period, *i.e.*, a clinician's opinion from November 9, 2009 (about three years *before* the alleged onset disability onset date) (Exh. 1F, PageID.242) and a chiropractor's opinion from May 28, 2020 (about 5½ years *after* the date last insured) (Exh. 8F, pageID.1146-1147). The ALJ noted that the 2009 opinion "had no logical relationship to the claimant's abilities in 2013 and 2014", and that the 2020 opinion from the chiropractor "touched on an area ultimately reserved to the commissioner (*i.e.* 'permanently disabled')" and "was neither persuasiveness [sic] nor valuable due to its conclusory nature." PageID.54.

Finally, the ALJ did not err by failing to explicitly discuss plaintiff's daily activities in 2013 and 2014. *See* 20 C.F.R. § 404.1529(c)(3)(i). "The regulation requires that an ALJ *consider* the factors listed" in 20 C.F.R. § 404.1529(c)(3), "but does not require an ALJ to *discuss*

9

each factor in the written decision." *Rivera v. Commissioner of Social Security*, No. 1:13-CV-00337, 2015 WL 4550329 at *14 (E.D. Tenn. July 28, 2015) (emphasis in original). "As long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second-guess: If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Ulman v. Commissioner of Social Security*, 693 F.3d 709, 714 (6th Cir. 2012) (internal quotation marks omitted).

For the reasons discussed in his decision, the ALJ's evaluation of plaintiff's symptoms during the relevant time period is supported by substantial evidence. Accordingly, plaintiff's claim of error is denied.

### C. The VE's testimony that plaintiff can perform his past work is unreliable and not supported by substantial evidence because there are direct conflicts between the vocational testimony and the information in the Dictionary of Occupational Titles that were not addressed.

At step five of the sequential evaluation, "an ALJ can rely on the DOT to establish that work exists in the national economy." *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 317 (6th Cir. 2020). While the DOT contains potentially obsolete job descriptions, "The current regulation governing this inquiry lists the DOT as a source of 'reliable job information.' 20 C.F.R. § 404.1566(d)(1)." *Id*. In addition, an ALJ can rely on VE testimony. "All that is required before an ALJ can rely on vocational evidence provided by a vocational expert is that the ALJ either ensure that the evidence does not conflict with the information in the DOT or obtain a reasonable explanation for any conflict." *Id*.

Plaintiff contends that "there is an obvious direct conflict between the limitations assessed in the RFC and the job duties of a receptionist as described in the DOT." Plaintiff's Brief

10

at PageID.1577.  Plaintiff's claim is without merit.  As discussed, *supra*, the VE addressed plaintiff's neck restrictions and explained that there were no conflicts between his opinions and the DOT.  The ALJ addressed the VE's testimony in his decision:

> Lastly, the undersigned questioned the expert about his testimony and its consistency with the information contained in the DOT; the expert testified that the testimony was consistent and that any variances regarding issues not contemplated by the DOT were based upon experience.

PageID.55.  The ALJ's conclusion is legally sound and supported by substantial evidence.  Accordingly, plaintiff's claim of error is denied.

### IV. CONCLUSION

For these reasons, the Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g).  A judgment consistent with this opinion will be issued forthwith.


Dated:  September 30, 2024            /s/ Ray Kent
                                       RAY KENT
                                       United States Magistrate Judge